# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARJORIE L. PETRUCELLI,
    Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
PH-3443-15-0005-I-1

DATE: April 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Marjorie L. Petrucelli, Cranston, Rhode Island, pro se.

Kimberly Jacobs, Esquire, Newington, Connecticut, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal of lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant filed an appeal alleging that the agency failed to accommodate her disability. Initial Appeal File (IAF), Tab 1. The agency responded, arguing that the Board does not have jurisdiction over the appeal. IAF, Tab 3, Subtab 1. The administrative judge found that the appellant had not established that she was subject to an otherwise appealable action, and dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). He also noted that the appellant has other avenues of redress, including filing an equal employment opportunity complaint and using the grievance process. ID at 3.

¶3 In her petition for review, the appellant argues that the agency should have allowed her to negotiate a reasonable accommodation schedule. Petition for Review (PFR) File, Tab 1. The appellant alleges, as she did below, that the agency is violating the mandatory Americans with Disabilities Act (ADA) accommodation process. *See* PFR File, Tab 3.

¶4 All of the appellant's submissions in this appeal and on petition for review relate to whether the agency accommodated her disability. *See* IAF, Tab 4; PFR File, Tabs 1, 3, 5. On her initial appeal form, the appellant notated disability discrimination as best describing the action she was appealing. IAF, Tab 1. She

also checked boxes that identify actions that are appealable to the Board, specifically negative suitability determinations and separations, demotions or furloughs for more than 30 days by reduction in force. However, she made no notations by the checked boxes and none of her submissions relate to any claim other than disability discrimination. *See id.*; IAF, Tab 4. Thus, we find that the appellant's only assertion before the Board is that the agency discriminated against her on the basis of disability in violation of the ADA, and that she alleged no otherwise appealable action. It is well settled that, concerning claims of discrimination on the basis of a disability, the Board lacks jurisdiction over such claims per se in the absence of an otherwise appealable action. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). As a result, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:     _____

                 William D. Spencer
                 Clerk of the Board

Washington, D.C.